NORTH, JR., APPELLANT, *v.* WICK ET AL., APPELLEES.

(No. 24212—Decided July 3, 1957.)

*Mr. Bernard H. Schulist* and *Mr. Andrew J. McLandrich,* for appellant.

*Messrs. Kiefer, Waterworth, Hunter & Knecht,* for appellees.

SKEEL, P. J. This appeal comes to this court on questions of law from a judgment entered for defendants after the trial court sustained a demurrer to plaintiff's fourth amended petition, the plaintiff thereafter not desiring to plead further.

The fourth amended petition alleges that the defendants "did maliciously conspire to deprive" the plaintiff from receiving his equitable share of dividends as a stockholder of the W. L. S. Stamping Company based on the earnings of the company. Such petition alleges also that the W. L. S. Stamping Company, an Ohio corporation, has a total of 669 shares of stock issued and outstanding, of which the plaintiff owns 250 shares; that by a voting trust agreement the defendants either own or control the voting rights of all the outstanding shares except those owned by the plaintiff; that, pursuant to such conspiracy carried out by the defendants, they, intending to depress and destroy the value of plaintiff's stock and to deprive plaintiff of a fair income from net earnings of the company, abolished the office of production manager held by the plaintiff and for which he was paid a salary; that they increased the

salaries of the defendant Wick, as president, to $18,720 per year, the defendant Cronin, as secretary, to $18,720 per year, and the defendant Torgerson, as vice president, to the same amount, doubled the salary of the defendant Callahan, as treasurer, decreased the dividends to $1 per share per year, although the net earnings over a three-year period (1953 to 1956) approximated or exceeded $100,000, said $1 per share dividend being in contrast to formerly declared dividends of from $15 per share to $36 per share over the period from 1949 to 1952; that country club dues as well as automobiles for defendants' personal use were charged as company expense; and that, in addition to the foregoing conduct maliciously and purposely perpetrated by the defendants to damage the plaintiff and prevent him from receiving his just share of corporate earnings on his investment, the defendants have entered into a stock purchase option agreement to prevent plaintiff from acquiring a controlling interest in the corporation.

The pleading alleges also that the plaintiff is the largest (yet minority) stockholder in the company.

We recognize that this is not a derivative action brought on behalf of the corporation, and that generally, where mismanagement of a corporation is charged in a petition against directors and officers by a stockholder, the corporation and not the stockholder is the party primarily interested and the action should be for its benefit. Ballantine, Manual of Corporation Law and Practice, 607, Section 185; 3 Fletcher, Cyclopedia Corporations (Perm. Ed.), 973, Section 1282; 13 *Ibid.*, 266-276, Sections 5909-5914; 13 Ohio Jurisprudence (2d), 348, Section 868.

But here there is no seeking to redress injuries to the corporation by the alleged misconduct of the defendants. Here it is claimed that the defendants, who own or control all the stock of the corporation except that owned by the plaintiff, have banded together to destroy plaintiff's investment, the plaintiff being the largest single stockholder in the company. The corporate entity and the management of its affairs are not concerned by the allegations of the petition. The defendants hold in trust as directors and officers of the company not only the management of the company but also the direct beneficial interest of each of the stockholders, including the plaintiff. To

seek and conspire to destroy the investment of one of such stockholders for their own benefit, officers and directors of a corporation who own or control all the stock of the company except that of the one shareholder are directly liable in a personal action of the stockholder they propose to injure or whose investment they seek to destroy, if such be the fact. These are the facts alleged in the plaintiff's petition, and a cause of action is therefore stated.

In 13 Ohio Jurisprudence (2d), 350, Section 868, it is stated:

"Of course, if a shareholder suffers a special damage peculiar to himself and distinguishable in kind from that which he shares in the common injury, then he may maintain a special action for his individual benefit, but not otherwise."

This principle was supported in the case of *Ritchie* v. *McMullen*, 79 F., 522, where in the fourth paragraph of the headnotes it is said:

"If a stockholder pledge his stock as collateral, with directors of the corporation, and the latter enter into a conspiracy to depreciate the price of the stock by using their power as directors, for the purpose of buying it in for less than its value, this is a wrong, not against the corporation only, but against the pledgor, for which there is a direct liability to him."

Also, in the case of *Sterne* v. *Orenstein*, 42 N. Y. Supp. (2d), 314, it is said in the second paragraph of the headnotes:

"Action by stockholder for damage sustained by him individually as result of alleged conspiracy to injure him by wrecking corporation or so running it that stockholder would get nothing out of its assets was not precluded because of fact that a stockholder's action on behalf of corporation might be brought for some of the wrongs alleged."

For the foregoing reasons, the judgment of the Common Pleas Court is reversed and the cause remanded with instructions to overrule the demurrer, and for further proceedings according to law.

*Judgment reversed.*

HURD and KOVACHY, JJ., concur.